UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 99 CA 12194-DJC

```
_____
                                   ]
MICHAEL PERRY and                  ]
CONDOMINIUM HOUSING, INC.,         ]
     Plaintiffs-in                 ]
     Cross Claim                   ]
                                   ]
v.                                 ]   [JOINT MOTION OF THE PARTIES
                                   ]    TO AMEND PENDING EQUITABLE
STEVEN BLUM, as he is TRUSTEE      ]    ORDERS OF THE COURT, SUBJECT
of the MOORINGS NOMINEE TRUST,     ]    TO RESOLUTION OF LITIGATION
     Defendant-in                  ]    BY SETTLEMENT]
     Cross Claim,                  ]
                                   ]
and                                ]
                                   ]
STEPHEN YELLIN and                 ]
ELAINE YELLIN,                     ]
     Reach and Apply               ]
     Defendants;                   ]
                                   ]
_____]
```

AND

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08 CA 11054 DJC

```
_____
                                   ]
MICHAEL PERRY,                     ]
BEACON HOLDINGS, INC., and         ]
PACIFIC MILLS                      ]
ACQUISITION, LLC,                  ]
     Plaintiffs and                ]
     Counterclaim Defendants,      ]
                                   ]
v.                                 ]
                                   ]
FEDERAL DEPOSIT INSURANCE          ]
```

```
CORPORATION, in its capacity        ]
as Receiver/Liquidating Agent       ]
for Capitol Bank and Trust          ]
Company,                            ]
     Defendant;                     ]
                                    ]
AND                                 ]
                                    ]
AMERICAN FIRST                      ]
FEDERAL, INC., by and through       ]
its Servicing Agent FIRST           ]
COMMERCE, LLC,                      ]
     Defendant(s),                  ]
     Counterclaim Plaintiff(s),     ]
     and Third Party Plaintiff(s),  ]
                                    ]
v.                                  ]
                                    ]
JOY C. PERRY; MICHAEL PERRY,        ]
as Trustee of ALLSTON               ]
TOWNHOUSE REALTY TRUST;             ]
BERRY REALTY TRUST; CRITERION       ]
REALTY TRUST; 54 EGMONT             ]
REALTY TRUST; FENMORE REALTY        ]
TRUST; HEIGHTS REALTY TRUST;        ]
HILLCREST DEVELOPMENT TRUST;        ]
RESERVOIR MANOR REALTY TRUST;       ]
TRIPLE PLAY REALTY TRUST;           ]
ZENITH REALTY TRUST;                ]
BRIGHTON ACQUISITION REALTY         ]
TRUST; ARGUS REALTY TRUST;          ]
ALLYSON PERRY, both                 ]
Individually and as Trustee         ]
of PERRY FAMILY REALTY TRUST,       ]
REBECCA REALTY TRUST,               ]
SARAH REALTY TRUST,                 ]
VILLAGE REALTY TRUST,               ]
SCHOOL STREET REALTY TRUST,         ]
JARS REALTY TRUST, and              ]
1400 BEACON REALTY TRUST;           ]
BRUCE LINSKY; MARK LINSKY;          ]
BRIGHTON                            ]
CONDOMINIUM PARTNERSHIP;            ]
CONDOMINIUM HOUSING, INC.;          ]
C.H. MORTGAGE COMPANY, INC.;        ]
WINDSOR REALTY DEVELOPMENT          ]
CORP.; WINDSOR MORTGAGE             ]
```

```
COMPANY, INC.; WINDSOR                    ]
FAX-TELE, INC.; AMM                       ]
CORPORATION; BEACON HOLDINGS,             ]
INC.; WILLIAM WAY CORP.;                  ]
BOYLSTON ACQUISITIONS, LLC;               ]
ECONOMY MORTGAGE, INC.; RUGG              ]
CORPORATION; FRAMINGHAM                   ]
ACQUISITIONS, LLC; and                    ]
ONE HUNDRED TWENTY                        ]
ACQUISITIONS, LLC,                        ]
     Interested Parties and               ]
     Third Party Defendants.              ]
                                          ]
```

### JOINT MOTION OF THE PARTIES TO AMEND
### PENDING EQUITABLE ORDERS OF THE COURT,
### <u>SUBJECT TO RESOLUTION OF LITIGATION BY SETTLEMENT</u>

Pursuant to Fed.R.Civ.P. Rule 65 and United States District Court for the District of Massachusetts Local Rule 7.1, Plaintiff and Counterclaim Defendants, Michael Perry ("Michael"), Beacon Holdings, Inc. ("Beacon"), and Pacific Mills Acquisition, LLC ("Pacific") (Michael, Beacon, and Pacific are herein referred to as "Perry"); Stephen Blum, as Trustee of Moorings Nominee Trust, and Steven Yellin and Elaine Yellin (collectively "Yellin"); and American First Federal, Inc. ("AFFI") (Perry, Yellin, and AFFI are collectively referred to herein as the Parties), hereby request that this Court amend and/or supplement the now pending equitable orders of the Court, as previously amended, as requested herein and in the manner provided for below.  As grounds herefor, the Parties state that they have reached a comprehensive settlement, although said settlement is based upon separate settlement agreements between

the respective parties which are mutually dependent on one another. Amendment of this Court's pending equitable orders is necessary to allow the respective settlement agreements to be consummated, while at the same time protecting and preserving the respective Parties' rights and remedies in the event that settlement is not consummated.

As grounds herefor and in further support hereof, the Parties state the following:

Background

1. In case No. 99-cv-12194, Perry obtained a Judgment against the Yellins as Reach and Apply Defendants. On appeal, the First Circuit remanded. Thereafter, Perry again obtained a Judgment against the Yellins. That Judgment is now on appeal.

2. AFFI has asserted a claim against that Judgment (the "AFFI Case" Docket No. 08-cv-11054) as a creditor of Perry and successfully obtained injunctive relief to reach and apply any payments or recovery on the Judgment by Perry (see AFFI Case order, dated 11/20/09 allowing No. 29). AFFI's claims against Perry were reduced to a judgment (AFFI Case Judgment No. 100).

3. In a state court action brought by Perry to execute on and/or secure the Judgment, Perry and the Yellins entered a Stipulation, whereby the Yellin Parties would place in escrow $450,000.00 and, thereafter, contribute to the escrow an additional $45,000.00 per month (the "Stipulation"). A copy of

the Stipulation is attached hereto as Exhibit A).  The Escrow Agent is Michael Magerer, one of Perry's counsel.  The Escrow funds currently total in excess of $1.3 million.

    4.   On December 27, 2010, this Court, per its Order and Injunction (Gertner, J.), AFFI Case Docket No. 91 (the "Order and Injunction" Docket No. 91), reaffirmed the injunction against Perry from affecting or encumbering any Yellin recovery, without first paying AFFI in full.  In doing so, the Court also incorporated by reference the state Court Stipulation and made the injunction "subject to and . . . modified to the extent necessary to conform to the provisions of the Stipulation".  The court also enjoined Perry and the Yellins from taking any action that would "cause the cessation of monthly funding of, or the removal of funds from, the escrow account created pursuant to the Stipulation" (Order and Injunction ¶4).

    5.   In order to perform their respective obligations under the settlement agreements entered into, the Parties hereto jointly request modification of the outstanding Order and Injunction as set forth below.

RELIEF REQUESTED

    WHEREFORE, in order to reach full and complete settlement of these matters, dismiss the Yellins' appeal, and allow the settlement payment in accordance with the Settlement Agreements referenced above, including, but not limited to, full and

complete satisfaction of the Perry's claims against Yellins and AFFI claims against Perry, the parties hereto consent to modify the Court's Order and Injunction, consistent with their obligations under the respective Settlement Agreements entered into, to wit:

    (i) allow for the payment of the amounts due under the Settlement Agreements in accordance with their terms;

    (ii) dissolve the real estate attachments (see 99-cv-12194, Docket Entry 36); and

    (iii) permit the Yellins to temporarily cease paying into the escrow account in the amount of $45,000.00 per month from November 30, 2011 until April 21, 2012.  However, unless Perry's debt to AFFI has been paid in full by April 21, 2012 in accordance with the terms of the Settlement Agreement between Perry and AFFI, then, on or before April 21, 2012, the Yellin Parties shall: (a) replenish the Escrow Account, by immediately paying in the sum of $180,000; and (b) beginning April 30, 2012, resume paying into escrow the $45,000 per month on the last business day of every month.

    Effective upon the granting of this Joint Motion, Stephen Blum, Stephen Yellin and Elaine Yellin shall have no further interest in and to the funds in the escrow account set up by the Stipulation and funds in the Escrow

Account can only be released to AFFI or by written instructions of AFFI and Perry; provided, however, that: (a) all amounts paid into the Escrow Account by the Yellin Parties plus all interest earned in the Escrow Account shall be applied as an offset against any amounts that are then due from the Yellin Parties pursuant to the Perry/Yellin Settlement Agreement; and (b) if the Yellin Parties fail to make the settlement payment when due and Perry or his creditors seek to execute upon, collect, and enforce the District Court Judgment, then all amounts paid into the Escrow Account by the Yellin Parties and all interest earned in the Escrow Account shall be applied as an offset against the District Court Judgment.

(iv)    subject to the Settlement Agreements, the Parties further request that they be allowed to act by written unanimous consent without the need to seek further Court intervention.

[SIGNATURES APPER ON THE FOLLOWING PAGE]

[SIGNATURES APPER ON THE FOLLOWING PAGE]

[SIGNATURES APPER ON THE FOLLOWING PAGE]

| | |
|---|---|
| MICHAEL PERRY et al., Plaintiff and Counterclaim Defendant; On behalf of all Interested Parties and Third Party Defendants; By their attorney, | STEVEN BLUM, TRUSTEE of Moorings Realty Trust, et al.; Cross Claim Defendant; By their attorney |
| /s/ Michael Magerer<br>Michael Magerer, BBO #550703<br>Michael Magerer & Associates, P.C.<br>109 Highland Avenue<br>Needham, Massachusetts  02494-3091<br>Telephone: (781) 453-0800<br>Facsimile: (781) 453-0606<br>E Mail: mmagerer@maglaw.us | /s/ Laurence A. Schoen<br>Michael Gardener BBO #185040<br>Laurence Schoen BBO #633002<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 348-1764<br>Fax: (617) 542-2241<br>E Mail: lschoen@mintz.com |
| Dated: December 21, 2011 | Dated: December 21, 2011 |

AMERICAN FIRST FEDERAL, INC., by and through its Servicing Agent FIRST COMMERCE, LLC, Defendant, Counterclaim Plaintiff, and Third Party Plaintiff;
By its attorney,

   /s/ Valerie L. Pawson
Valerie L. Pawson, BBO #392180
Lawson & Weitzen, LLP
88 Black Falcon Ave., Ste. 345
Boston, Massachusetts 02210
Telephone: (617) 439-4990
Facsimile: (617) 439-3987
E Mail: valpawson@aol.com

Dated: December 21, 2011